IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN J. FLORES, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1071-NJR |
| ) | |
| EMPLOYEES OF VANDALIA ) | |
| CORRECTIONAL CENTER, ) | |
| STEPHANIE WAGGONER, ) | |
| EMPLOYEES OF IDOC, ) | |
| BRUCE RAUNER, ) | |
| JOHN BALDWIN, ) | |
| WARDEN RANDY PFISTER, and ) | |
| CORRECTIONAL OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

In *Augusta, et al. v. Employees of Vandalia Correctional Center et al.*, Case No. 17-cv-1071-SMY (S.D. Ill. July 26, 2017) ("Original Action"), Plaintiffs Shawn J. Flores and Quennel Augusta, inmates incarcerated at Vandalia Correctional Center ("Vandalia"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of their constitutional rights that allegedly occurred at Vandalia. On September 1, 2017, the presiding Judge in the Original Action entered an Order pursuant to *Boribourne v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Original Action, Doc. 5). Consistent with the *Boribourne* Order and Plaintiffs' responses (or failure to respond), Plaintiff Flores's claims were severed into a new action, forming the basis for this case, No. 17-cv-1071-NJR. (Original Action, Doc. 14).

This case is now before the Court for a preliminary review of that claims pursuant to 28 U.S.C. § 1915A, which provides:

1

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint also must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a pleading to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court in *Twombly* clarified that the Rule 8 standard does not require detailed factual allegations. *Id.* Nonetheless, it demands more than bare legal conclusions and a formulaic recitation of the elements of a cause of action. *Id*; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8...demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice"); *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (conclusory statements and labels are insufficient). A complaint must, at a minimum, give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

## The Complaint

The Complaint consists of 28 pages. Approximately six pages of the Complaint (Doc. 2, pp. 5-11) are grievances (and responses thereto) filed by both Flores and Augusta. The Complaint also includes affidavits from both Augusta and Flores. The affidavit attributed to Plaintiff Flores is approximately two pages. (Doc. 2, pp. 13-14). In his affidavit, Plaintiff states that he is "filing [a] complaint on Stateville Correctional Center Employees" for failing to let Plaintiff out of his cell for at least an hour a day, as is required by the rules. (Doc. 2, p. 13). Plaintiff also claims that "IDOC employees" have violated his rights by incarcerating him at Vandalia, a prison Plaintiff alleges is plagued with unsanitary and/or unsafe living conditions. (Doc. 2, pp. 13-14).

## Discussion

Before addressing the allegations in Plaintiff's Complaint, the Court finds it apt to eliminate certain defendants from the case. Plaintiff has named several groups of individuals as defendants in this case, including Employees of Vandalia Correctional Center, Employees of IDOC, and Correctional Officers. These groups of individuals are not appropriate defendants and must be dismissed. To state a § 1983 claim against an individual or entity, Plaintiff must

specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Plaintiff has instead attempted to implicate an amorphous collection of unnamed individuals in connection with his allegations, which is insufficient to state a claim. For these reasons, Vandalia Correctional Center, Employees of IDOC, and Correctional Officers will be dismissed from this action with prejudice. However, the dismissal is without prejudice to specific individuals who are employees of IDOC or Vandalia Correctional Center and/or specific individuals who are correctional officers being named as defendants in this action.

The remaining defendants, Stephanie Waggoner (warden), Bruce Rauner (governor), John Baldwin (IDOC director), and Randy Pfister (warden) also shall be dismissed. These individuals are identified as defendants in the case caption and/or list of defendants but are not referenced in the body of the Complaint. Merely naming a party in the caption of a complaint is not sufficient to state a claim against him or her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, Plaintiff's failure to assert a specific act of wrongdoing as to these individuals does not suffice to meet the personal involvement requirement necessary for § 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Finally, these individuals are not subject to liability merely because they are in supervisory positions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). For these reasons, Waggoner, Rauner, Baldwin, and Pfister shall be dismissed from this action without prejudice.

In light of the above dismissals, Plaintiff's Complaint brings various Eighth Amendment claims that are not associated with any particular defendant. This, standing alone, is grounds for dismissing the Complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (plaintiffs

must make allegations that associate specific defendants with specific claims, so the defendants are put on notice of the claims brought against them and so they can properly answer the complaint). Even if Plaintiff had associated his claims with a specific defendant, however, the Complaint would still be subject to dismissal. Plaintiff complains of various conditions at Vandalia, but it is not entirely clear which of the complained of conditions have actually affected Plaintiff. For example, Plaintiff complains that inmates in "K-unit" have scabies; Plaintiff lives in "I-unit." Although Plaintiff speculates the infectious disease could spread to his unit, this is insufficient to state a constitutional claim. Moreover, the Complaint is devoid of any allegations that officials have acted with deliberate indifference to the complained of conditions. Plaintiff merely alleges that certain objectionable conditions exist.

Without more information, the Complaint (1) fails to comply with Rule 8 because it does not provide defendants with fair notice of what Plaintiff's claims are and the grounds upon which his claims rest, and (2) fails to state a claim upon which relief can be granted. Accordingly, the Complaint shall be dismissed without prejudice and with leave to amend.

## IFP Motion

Plaintiff's Motion for Leave to Proceed IFP (Doc. 3) shall be addressed in a separate order of the Court.

## Motion for Recruitment of Counsel

The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.[1] When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the

---

[1] There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question...is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff has not provided sufficient information for the Court to determine if he has made *reasonable* attempts to obtain counsel on his own. Accordingly, the Court cannot discern if the first requirement has been met. As to the second inquiry, Plaintiff states that he has some high school education. This, standing alone, does not suggest Plaintiff is unable to coherently present his claims to the Court. Plaintiff's pleadings indicate he is capable of coherently stating the relevant facts. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to include more factual content regarding his Eighth Amendment claims and to associate specific individuals with these claims. Plaintiff alone has knowledge of these facts. No legal training or knowledge is required to set them down on paper, and there is presently no indication that Plaintiff's mental status prevents him from relaying these facts.

Thus, recruitment of counsel is not warranted at this time, and the Motion for Recruitment of Counsel (Doc. 4) is **DENIED without prejudice**. The Court will remain open to appointing counsel as the case progresses.

**Disposition**

**IT IS HEREBY ORDERED** that the **COMPLAINT** is **DISMISSED** without prejudice for failure to comply with Rule 8 and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Vandalia Correctional Center, Employees of IDOC, and Correctional Officers are **DISMISSED** from this action with prejudice. The Clerk of Court is **DIRECTED** to terminate these groups of individuals as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **WAGGONER, RAUNER, BALDWIN,** and **PFISTER** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief can be granted. The Clerk of Court is **DIRECTED** to terminate these individuals as parties in CM/ECF.

As all defendants have been dismissed from this action, the Clerk of Court is **DIRECTED** to modify the case caption as follows: **SHAWN J. FLORES, Plaintiff v. UNKNOWN PARTY, Defendant.**

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **November 30, 2017**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended

that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-1071-NJR). The pleading should focus **on claims that pertain only to Plaintiff**. Further, the pleading shall present each claim in a separate count, and each count shall specify, *by name or Doe designation*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[2] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  November 2, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**