IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN J. FLORES,

      Plaintiff,

vs.                                               Case No. 17-cv-1071-NJR

UNKNOWN PARTY,

      Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Shawn J. Flores, an inmate at Lawrence Correctional Center, commenced this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] The Complaint did not survive threshold review under 28 U.S.C. § 1915, and was dismissed for failure to state a claim upon which relief may be granted, as well as for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, on November 2, 2017. (Doc. 6).[2] The dismissal was without prejudice to Plaintiff filing a First Amended Complaint on or before November 30, 2017. That deadline has now passed. Plaintiff has not filed a First Amended Complaint. He also has failed to request an extension of the deadline for doing so.

---

[1] In *Augusta et al., v. Employees of Vandalia Correctional Center et al.*, Case No. 17-cv-1071-SMY (S.D. Ill. July 26, 2017) ("Original Action"), Plaintiffs Shawn J. Flores and Quennel Augusta, inmates incarcerated at Vandalia Correctional Center ("Vandalia"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of their constitutional rights that allegedly occurred at Vandalia. On September 1, 2017, the presiding Judge in the Original Action entered an Order pursuant to *Boribourne v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Original Action, Doc. 5). Consistent with the *Boribourne* Order and Plaintiffs' responses (or failure to respond), Plaintiff Flores' claims were severed into a new action, forming the basis for this action, Case No. 17-cv-1071-NJR. (Original Action, Doc. 14).

[2] More specifically, the Court found that the Complaint (1) failed to comply with Rule 8 because it did not provide defendants with fair notice of what Plaintiff's claims are and the grounds upon which his claims rest, and (2) failed to state a claim upon which relief can be granted.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur an additional "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: 12/8/2017**

**s/ Nancy J. Rosenstengel**
**United States District Court**